UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION                )
LABORERS WELFARE FUND, an employee            )
benefit plan, and BRANDON FLINN, MATT         )
ANDREWS, STEVE MACDONALD, GARY ELLIOTT )
RICH MCLAUGHLIN, DONALD WILLEY,               )
TERRY BRIGGS, DAVID A. GILLICK,               )
BRAD GRANT, MICHAEL LUTZ, COREY               )
BLACK and ROBERT BIEG, JR., Trustees of the   )
Greater St. Louis Construction Laborers Welfare Fund, )
and CONSTRUCTION LABORERS PENSION             )
TRUST OF GREATER ST. LOUIS, an employee       )
benefit plan, and, JEFFREY O'CONNELL, RICHARD )
McLAUGHLIN, RONNY GRIFFIN,                    )
BRANDON FLINN, DONALD WILLEY, GARY            )
ELLIOTT, LOU GRASSE, JOSEPH LERITZ,           )
DOUG WACHSNICHT, JOE HOETTE, WILLIAM L.       )
LUTH and DAVID A. GILLICK, Trustees of the    )
Construction Laborers Pension Trust of Greater St. )
Louis, and ST. LOUIS VACATION FUND –          )
VACATION PLAN, an employee benefit plan, and  )
GARY ELLIOTT, BRANDON FLINN, DONALD           )
WILLEY, and WILLIAM L. LUTH, Trustees of the  )
St. Louis Vacation Fund – Vacation Plan, and  )
AGC–EASTERN MISSOURI LABORERS' JOINT          )
TRAINING FUND, an employee benefit plan, and  )
PATRICK R. PRYOR, DONALD WILLEY,              )
PERRI PRYOR, GARY ELLIOTT, RICHARD            )
McGUIRE, BRANDON FLINN,                       )
PHIL HOCHER, MICHAEL LUTH,                    )
JOE SCARFINO, CLIFF LAND,                     )
FRANK MARCHESI and JOHN J. SMITH, JR.,        )
Trustees of the AGC–Eastern Missouri Laborers' )
Joint Training Fund, and LOCAL UNION NOS.     )
42-110, LABORERS INTERNATIONAL                )
UNION OF NORTH AMERICA, AFL-CIO,              )
labor organizations,                          )
                                              )
       Plaintiffs,                            )
v.                                            )
                                              )
HARD ROCK FOUNDATIONS, LLC,                   )
                                              )
       Defendant.                             )

**COMPLAINT**

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

**COUNT I**

1. Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund," is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiffs Brandon Flinn, Matt Andrews, Steve MacDonald, Rich McLaughlin, Donald Willey, Gary Elliott, Terry Briggs, David A. Gillick, Brad Grant, Michael Lutz, Corey Black, and Robert Bieg, Jr. and are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145. Plaintiffs Jeffrey O'Connell, Richard McLaughlin, Ronny Griffin, Brandon Flinn, Donald Willey, Gary Elliott, Lou Grasse, Joseph Leritz, Doug Wachsnicht, Joe Hoette, William L. Luth, and David A. Gillick, and are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3. Plaintiff, St. Louis Vacation Fund – Vacation Plan, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Gary Elliott, Brandon Flinn, Donald Willey, and William L. Luth are the duly designated and acting Trustees of the Vacation Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Patrick R. Pryor, Donald Willey, Perri Pryor, Gary Elliott, Richard McGuire, Brandon Flinn, Phil Hocher, Michael Luth, Joe Scarfino, Cliff Land, Frank Marchesi, and John J. Smith, Jr., are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6. Defendant Hard Rock Foundations, LLC is a Missouri limited liability corporation that conducts business within this judicial district.  Defendant is an employer in an industry

3

affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2).

7. This Court has jurisdiction by virtue of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the Union is suing for violation of a contract with defendant.

8. At all times material, defendant was bound by the provisions of a collective bargaining agreement requiring monthly payments to the Welfare, Pension, Vacation and Training Funds in specified amounts and the submission of monthly report forms. Said collective bargaining agreement and the plans adopted by the Trustees of the Welfare, Pension, Vacation and Training Funds also provide that the Trustees shall be permitted to perform a periodic financial examination of defendant's books and records to insure that payments have been made in accordance with the terms of the collective bargaining agreement.

9. The collective bargaining agreement referenced in Paragraph 8 requires defendant to pay liquidated damages of twenty percent (20%) on delinquent contributions.

10. Plaintiffs' records indicate that defendant owes $1,919.79 in liquidated damages for untimely payments during various months from September 2012 through May 2017.

11. In accordance with the collective bargaining agreement, plaintiffs request a financial examination for the period of January 1, 2014 through the present to determine the exact

amounts owed by defendant. Plaintiffs' attempts to have defendant voluntarily comply with this financial examination have been unsuccessful.

12. Plaintiffs are entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

WHEREFORE, plaintiffs pray the Court as follows:

(a) For an interlocutory order of accounting requiring defendant to submit its books and records to an accountant selected by plaintiffs to determine the amounts owed to plaintiffs during the period of January 1, 2014 to the present;

(b) For a judgment against defendant based upon the findings of the financial examination;

(c) For an order requiring defendant to pay the $1,919.79 in liquidated damages that have accrued for previous untimely payments;

(d) For an order requiring defendant to make payments in the future to the Welfare, Pension, Vacation and Training Funds in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

(e) For interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g); and

(f) For such other and further relief as the Court deems appropriate under the circumstances.

## **COUNT II**

13. The plaintiffs restate and incorporate by reference all of the allegations contained in paragraphs 1 through 12, above.

14. At all times material, defendant was bound by the provisions of the collective bargaining agreement requiring it to obtain and maintain a surety bond in favor of the plaintiff Funds in the amount of $25,000.00.

15. The defendant has failed to establish and maintain a surety bond as required by the collective bargaining agreement.

16. The defendant has failed to furnish evidence of such a bond to the plaintiffs.

17. The surety bond is a material aspect of the collective bargaining agreement.

18. Absent such a bond, plaintiffs and the individual Union members they represent stand to suffer irreparable harm.

19. Plaintiffs will have no adequate remedy at law if the required bond is not obtained and maintained by the defendant.

WHEREFORE, plaintiffs pray:

(a) That this Court enter an injunction prohibiting defendant from performing work of a type covered by defendant's collective bargaining agreement with Laborers Locals 42-53-110 within the geographical area covered by that collective bargaining agreement until such time as defendant obtains the required surety bond or letter of credit; and

(b) That this Court award such other and further relief as the Court may deem appropriate.

        Respectfully submitted,

        HAMMOND AND SHINNERS, P.C.
        13205 Manchester Rd., Suite 210
        St. Louis, Missouri  63l31
        (314) 727-1015 (Phone)
        (314) 727-6804 (Fax)
        eperez@hammondshinners.com


        /s/ Emily R. Perez
        EMILY R. PEREZ, #62537MO

        Attorneys for Plaintiffs

### **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing was electronically filed with the Clerk of the Court this 2nd day of July, 2018, and copies were mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 19th and Pennsylvania Avenue, Washington, D.C. 20220.


        /s/ Emily R. Perez